UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GEORGE CUFFER, | ) |
| | ) CASE NO.: |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| AMERICAN AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Comes now the plaintiff, George Cuffer, by counsel, and for his Complaint against the defendant, American Airlines, Inc., ("AAI"), and states the following:

### I. INTRODUCTION

1. Plaintiff, George Cuffer ("Cuffer"), is an African American male of large stature.

2. Cuffer is bringing a claim of race discrimination/disparate treatment against AAI pursuant to 42 U.S.C. § 1981 (hereinafter "§ 1981").

3. Cuffer seeks compensatory damages and other relief against AAI to redress violations of Cuffer's civil and statutory rights pursuant to § 1981 and arising out of AAI's failure to provide Cuffer the enjoyment of all of benefits, privileges, terms and conditions that similarly-situated Caucasian individuals are afforded when contracting with AAI.

### II. JURISDICTION AND VENUE

4. This court has original jurisdiction over Cuffer's claim against AAI pursuant to Title 28 § 1331, federal question jurisdiction.

5. This Court is the proper venue for this action pursuant to Title 28 § 1391(b) in that AAI is a Corporation that conducts business in Allen County, Indiana. Specifically, at the

Fort Wayne International Airport located at 3801 West Ferguson Road, Fort Wayne, Indiana 46809. All acts, events and omissions giving rise to Cuffer's claims originated at the Fort Wayne International Airport, in the Northern District of Indiana.

6. Cuffer, a citizen of the State of Indiana, and resides in Allen County, Indiana.

### III.  FACTS

7. Cuffer purchased a first-class ticket from AAI for Flight 3170 from Fort Wayne, Indiana to Dallas, Texas.  The flight was scheduled to take place on November 8, 2019.

8. Cuffer is an African American male, stands nearly 6'7 tall, and weighs approximately 350 pounds.  Having flown previously, Cuffer knew that due to his size he required a first-class seat to accommodate not only his width, but also the length of his legs. In addition, Cuffer has had two knee replacements, bulging discs in his back and other serious health issues that make the additional space a medical necessity.

9. As Cuffer boarded the plane he made contact with the flight attendant and asked for a seat belt extension, which he was provided. He took the extension and made his way to his first-class seat. The flight attendant noticed Cuffer in first-class and changed her demeanor. She told Cuffer that if he could not close the seat belt and lower the armrest he could not remain on the flight. Cuffer indicated that he understood. He proceeded to buckle his seat belt and lower the arm rests. The flight attendant repeated herself in a rude and persistent manner. Cuffer looked back at her without speaking and showed her that he had complied with her requests. The flight attendant walked away and Cuffer assumed there was no issue. Moments later a security guard approached Cuffer and informed him that he needed to move to the back of the plane in business class. Cuffer indicated that he had paid for first-class and needed to remain there due to his size and serious health issues. The security guard told Cuffer that the flight attendant refused to get

back on the plane unless Cuffer moved to the back of the plane. Cuffer asked if he could speak to the flight attendant. The security guard told Cuffer that she did not want to speak with him. Cuffer was told that if he did not move to the back of the plane, the plane would not depart and Cuffer would eventually be removed by force. Cuffer was shocked and confused. He asked what was happening, and why. Cuffer unhappy, but calmly moved to the back of the plane and remained there for the duration of the flight where he suffered from pain, swelling, and discomfort to his knees and lower back.

10. All other patrons in first-class were Caucasian. No other patrons in first-class were asked to change their seating arrangements.

11. Cuffer finished the flight, albeit in pain, and boarded his connecting flight in Dallas, Texas. Cuffer had purchased a first-class ticket through AAI for this flight as well. Again, Cuffer boarded and requested the necessary seat belt accommodations. However, this time Cuffer was not accused of being too large for the seat, being scary or asked to move. Cuffer completed the flight without incident.

12. On his return flights, Cuffer returned to Fort Wayne, Indiana boarding two AAI planes, first-class with a connecting flight. On each flight Cuffer made the same requests as above and on each flight Cuffer was not asked to move to the back of the plane or accused of being scary.

13. In 2020 Cuffer again flew on the same plane model with AAI, first-class, and did not have an issue.

14. Cuffer asserts that the stark contrast in his treatment compared to his Caucasian counterparts is based on his race, African American, and that there was no safety concern on Flight 3170 on November 8, 2019. Cuffer alleges that he was faced with racism at the hands of

3

the staff on Flight 3170 and that that racism was perpetuated by security. Cuffer's similarly-situated Caucasian counterparts were treated more favorably throughout the flight in that they were permitted to remain in first-class, were not accused of being scary or threatening, and/or were not threatened to be removed by the plane with force for simply sitting in their first-class seat. Furthermore, Cuffer maintained the same demeanor and physical stature on his next three flights with AAI had no incident or complaints from staff.

15. Due to Defendant's discriminatory conduct and disparate treatment Plaintiff suffered mental and emotional distress, physical distress, humiliation, depression, fear, stress and embarrassment.

## IV. LEGAL CLAIM

### Count I:  § 1981 Claim

16. Plaintiff reasserts the allegations of paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. Plaintiff is an African American male.

18. Plaintiff was treated less-favorably than his similarly-situated Caucasian counter-parts based on his race.

19. Pursuant to 42 U.S.C. § 1981, Plaintiff is entitled to enjoyment of all of the benefits, privileges, terms and conditions that similarly-situated Caucasian individuals are afforded when contracting with Defendant.

20. Plaintiff suffered damages due to Defendant's unlawful conduct, including mental and emotional distress, physical distress, humiliation, depression, fear, stress and embarrassment.

21. Plaintiff requests compensatory damages for mental and emotional distress, depression, humiliation, embarrassment, anxiety, stress, physical pain and suffering caused by Defendant's unlawful acts.

22. Plaintiff seeks reimbursement on his costs, expenses and attorney fees for bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant, an award of damages and costs, and all other just and proper relief as enumerated above.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests that this matter be tried to a jury.

Respectfully Submitted:

/s/Rachel J. Guin
Rachel J. Guin, #31722-02
FLETCHER VANGILDER, LLP
436 E. Wayne Street
Fort Wayne, Indiana 46802
Telephone:  (260) 425-9777
Facsimile:  (260) 424-9177
guin@fvglaw.com